FILED
SUPERIOR COURT
OF GUAM

2021 NOV 24 PM 4:51

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0257-21** |
| | GPD Report No. 21-12582 |
| **v.** | |
| | **DECISION AND ORDER** |
| **EMMANUEL JOHN CRUZ AGUON** | **FINDING DEFENDANT COMPETENT** |
| (*aka* **John**) | **TO STAND TRIAL AND REJECTING** |
| DOB: 12/24/1972 | **PLEA OF NOT GUILTY BY REASON** |
| | **OF MENTAL ILLNESS, DISEASE,** |
| Defendant. | **OR DEFECT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 9, 2021 and October 7, 2021 for a Competency Hearing. Assistant Attorney General Dannis Le represents the People, and Attorney John Morrison represents Emmanuel John Cruz Aguon (*aka* John) ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, the testimonies of Dr. Kirk Bellis, Dr. Angela Laygo, Beverly Reyes, and Dr. Jean Wycoff, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On May 24, 2021, Defendant was arrested and charged with <u>Charge One</u>: Advanced Stalking (as a 2nd Degree Felony), <u>Charge Two</u>: Violation of a Court Order (as a Misdemeanor), and <u>Charge Three</u>: Harassment (as a Petty Misdemeanor). Indictment (Jun. 3, 2021). Defendant allegedly violated a protective order against his ex-girlfriend, showing up at her apartment multiple times and texting her. Magistrate's Complaint (May 25, 2021).

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0257-21, *People of Guam v. Emmanuel Aguon*
Page 1 of 4

On June 10, 2021, Defendant pled Not Guilty By Reason of Mental Illness, Disease, or Defect. Minute Entry (Jun. 10, 2021).

On July 29, 2021, Defendant underwent a forensic evaluation with Dr. Kirk Bellis, an expert clinical psychiatrist. Forensic Evaluation at 2 (Aug. 6, 2021).

The Court held a hearing on September 9, 2021 and October 7, 2021 to determine Defendant's competency to stand trial and to review his plea. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared mentally sound throughout the forensic evaluation. Defendant was able to properly articulate himself and his mood matched his affect. Forensic Evaluation at 5 (Aug. 6, 2021. Defendant's thought content did not reveal any active hallucinations, although he did present himself as hyperactive and spoke very rapidly. Id. at 5. Defendant was also oriented to time, place, situation, and person. Id. at 6. Defendant also showed reliable short and long-term memory. Id. at 2-3. Defendant was able to describe his family life, education, work history, and drug/alcohol use. Id. at 2-4.

Defendant's understanding of the criminal proceedings also seems fair. Defendant knew the names of both his current and past attorneys, the judge presiding over his case, and was even able to recall the name of the magistrate judge that requested the evaluation. Id. at 2. Defendant was also able to describe the charges levied against him, and could articulate the basic jobs and duties of juries, defense attorneys, and prosecutors. Id. at 2-4. Defendant is also capable of following the

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0257-21, *People of Guam v. Emmanuel Aguon*
Page 2 of 4

case and participating with his attorney as they collectively prepare a defense, even expressing a desire to work alongside his attorney. Id. at 4.

It is noteworthy that Defendant was previously diagnosed as bipolar. Id. at 4. This mood disorder makes it difficult for Defendant to control his mood. Id. at 4. Defendant's current medications include Lithium (mood stabilizer), Wellbutrin (antidepressant), Klonopin (anti-anxiety), and Risperdal (treatment of psychosis). Id. at 6. However, Defendant does not currently suffer from active hallucinations, even if he occasionally shows delusional thoughts. Id. at 5.

The Court does appreciate the testimonies from defense witnesses Dr. Angela Laygo, Beverly Reyes, and Dr. Jean Wycoff. However, none of these three witnesses interviewed Defendant to determine if he is competent to stand trial. Dr. Bellis was the only witness called who could specifically give an opinion on Defendant's competency to stand trial. The testimonies of Dr. Angela Laygo, Beverly Reyes, and Dr. Jean Wycoff are more appropriate in the sentencing phase of a criminal proceeding rather than a competency hearing.

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Bellis laid out in his report, Defendant is not experiencing any active psychotic symptoms. Defendant can also engage in conversation with his attorney, process any legal advice they may provide, and help plan a defense strategy. There is no indication that Defendant has major cognitive weaknesses or mental illness preventing him from assisting in his defense.

## CONCLUSION

For the reasons started above, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0257-21, *People of Guam v. Emmanuel Aguon*
Page 3 of 4

- Defendant is currently competent to stand trial. The Defendant's case will not be transferred to Mental Health Court because Defendant was deemed competent. Defendant can make any diminished capacity defense he may have at trial.

**IT IS SO ORDERED** this _NOV 2 3 2021_____.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0257-21, *People of Guam v. Emmanuel Aguon*
Page **4** of **4**